UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OHIOHEALTH CORPORATION,**

**Plaintiff,**

v.

Case No. 2:12-cv-761
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Elizabeth P. Deavers

**SUSANA ASIEDU, et al.,**

**Defendants.**

## **OPINION & ORDER**

This matter is before the Court for consideration of Defendant Comfort Yeboah's Motion for Summary Judgment in this interpleader action brought by Plaintiff, OhioHealth Corporation. (ECF No. 30.) Defendant Asiedu has not filed a response. For the reasons that follow, Defendant Yeboah's Motion is **GRANTED**.

## I.

OhioHealth Corporation ("OhioHealth") initiated this interpleader action on August 23, 2012 to determine the true beneficiary of the Cash Balance Plan and Savings Plan benefits ("benefit plans") held in the name of Francis K. Afrifi (also known as Kwame Aboagye), deceased. OhioHealth is the Plan Administrator of two funds under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001–1461. (Amended Complaint ("Am. Compl.") ¶ 1, ECF No. 6.) Mr. Afrifi's benefits, payable to his beneficiary or beneficiaries under the Cash Balance Plan and Savings Plan, are $14,500 and $11,000, respectively. (*Id.*) Believing that it will be subject to conflicting demands for payment of the benefits, OhioHealth has asked the Court to determine the proper beneficiary. (*Id.* ¶ 4.)

OhioHealth initially brought this action against Susana Asiedu, Stephen Asare,[1] and Abigail Ameah Afrifi.[2] (*Id.* ¶ 2–3.). It contends that "under ERISA and the terms of the Plans, if Mr. Afrifi was married when he died, 100 percent of his benefits would be payable automatically to his surviving spouse unless she waived her rights by completing the Spousal Consent portion of the Beneficiary Designation forms, indicating that she consented to any of the benefit going to someone other than herself." (Am. Compl. ¶ 14.) Asiedu alleges that she married Afrifi on November 19, 2004 in Ghana and remained married to him at the time of his death. However, OhioHealth could not verify this fact, and to the contrary, has records that Mr. Afrifi was at work at OhioHealth on that date and only missed one day of work that week. (Am. Compl. ¶ 6, 16–17.)

Shortly before his death, Mr. Afrifi completed a new beneficiary designation form for both benefit plans, indicating that Mr. Asare (Mr. Afrifi's brother or cousin) should receive seventy percent of the Cash Balance Plan and eighty percent of the Savings Benefit plan, and that Ms. Asiedu (listed as a "friend") should receive the remainder. (*Id.* ¶ 12.) He indicated on both forms that he was not married. (*Id.*)

On January 3, 2015, Comfort Yeboah filed a Motion to Intervene and Stay Case, claiming that she was the lawful surviving spouse of Mr. Afrifi. (Motion to Intervene ("Mot. to Intervene") at 3, ECF No. 22.) Yeboah maintains that she married Afrifi under the customary laws of Ghana in 1985 and that the marriage was not terminated prior to his death. (*Id.*) According to Yeboah, Asiedu initiated a lawsuit in the High Court of Ghana at Sunyani in 2012 to determine Afrifi's lawful surviving spouse. (*Id.* at 6.) Yeboah asked this Court to stay all

---

[1] Asare later disclaimed all benefits and was voluntarily dismissed as a party to the case. (ECF No. 13.)
[2] Abigail is the eleven-year-old daughter of Mr. Afrifi and Defendant Yeboah, and through her attorney also claimed that she was designated as a beneficiary. (Am. Compl. ¶ 23.) It was later determined that Abigail did not have a legitimate claim to the benefits. (Affidavit of Comfort Yeboah ("Yeboah Aff.") ¶ 15, ECF No. 30.1.)

2

proceedings in the case until the Ghana Court decided whether Asiedu or Yeboah was the lawful surviving spouse of Afrifi. The Court granted Yeboah's motion to intervene and stay the case until the Ghana Court ruling. (ECF No. 24.)

On December 16, 2016, Yeboah moved to reopen the case and lift the stay, indicating that the Ghana Court had approved a settlement reached between the parties after mediation. The Ghana Court concluded that Afrifi died leaving behind both Yeboah and Asiedu as surviving spouses. (ECF No. 27.)

The Court subsequently reopened the case, upon which Yeboah filed her Answer and Motion for Summary Judgment. (ECF No. 29; Defendant Yeboah's Motion for Summary Judgment ("Mot. for Summ. J.") at 8, ECF No. 30). Shortly therafter, Magistrate Judge Deavers held a status conference at which Defendant Asiedu failed to appear. The Court ordered Asiedu to file any response in opposition to Yeboah's Motion by May 16, 2017. (ECF No. 32.) Defendant Asiedu has failed to file a response. Defendant's motion is now before the Court for consideration.

## II.

Although Asiedu has failed to file a memorandum in opposition, this does not in itself entitle Yeboah to summary judgment. The Supreme Court has explained that the burden on the nonmovant to respond to a motion for summary judgment arises only if the motion is properly "supported" as required by Fed R. Civ. P. 56(c) (hereinafter "Rule"). Accordingly, summary judgment is appropriate under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c). If the supporting evidence fails to meet this burden, "summary judgment must be denied even if no opposing evidentiary matter is presented." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). Thus, the moving party must demonstrate that no

genuine issue of material fact remains for trial and the moving party is entitled to judgment as a matter of law. *Id.* at 161.

## III.

In support of her Motion for Summary Judgment, Yeboah presents her Affidavit in support (Ex. 1 ("Yeboah Aff."), ECF No. 31-1), a copy of the Ghana Court Consent Judgment Entry (Ex. 2 ("Ghana Entry"), ECF No. 30-2), the OhioHealth Cash Balance Retirement Plan (Ex. 3 ("Cash Balance Plan"), ECF Nos. 30-3), and the OhioHealth Retirement Savings Plan (Ex. 4 ("Savings Plan"), ECF Nos. 30-3). The Court has thoroughly examined Defendant Yeboah's Motion and supporting materials, including the facts considered undisputed, and finds that Yeboah's Motion is well taken. Fed. R. Civ. P. 56(e). Yeboah's unrebutted evidence establishes that: she was Afrifi's spouse from 1985 until the time of his death; the Beneficiary Designation forms for the Plans are invalid because Yeboah did not sign the spousal waivers; Afrifi's purported second marriage to Susana Asiedu without a divorce or termination of his first marriage to Yeboah is void under Ohio law; and she as the lawful surviving spouse, is entitled to the benefits under the Plans.

First, Yeboah avers that she married Francis K. Afrifi in 1985 under the customary laws of Ghana. (Yeboah Aff. ¶ 4.) She further states that her marriage was not terminated prior to his death on November 21, 2011. (*Id.* ¶ 6.) The Consent Judgment Entry from the Ghana Court additionally establishes that Yeboah is the lawful surviving spouse of Afrifi. (Ghana Entry at 1.) The Consent Judgment memorializes the terms of a settlement agreement reached between the parties, which declares that both Yeboah and Asiedu were surviving spouses of Afrifi at the time of his death.

Yeboah asserts that the Ghana Entry is entitled to res judicata effect in this Court. (Mot.

for Summ. J. at 8.) "Under Ohio law, a consent judgment has the same binding effect as one entered by the court after summary adjudication or full trial" and can give rise to issue preclusion when "factual admissions [are] incorporated into the agreed judgment entry." *Columbus v. Alden E. Stilson & Assoc.*, 630 N.E.2d 59 (Ohio Ct. App. 1993). The Ghana Entry here provides that "the late Kwame Aboagye [aka Francis Afrifi] died intestate leaving behind two (2) surviving spouse (sic) namely Comfort Yeboah and Sussana Afia Asante Asiedu." (Ghana Entry at 1.) Thus, the Ghana Entry incorporates the relevant factual admissions and is therefore entitled to claim and issue preclusive effect.

Second, since Mr. Afrifi was still married and a resident of Ohio when he filled out the beneficiary designation forms shortly before his death, his surviving spouse was required to complete the Spousal Consent portion in order to waive her right to receive 100 percent of his benefits. Without such waiver, Mr. Afrifi's designation of Ms. Asana and Ms. Asiedu as co-beneficiaries is invalid. (Am. Compl. ¶ 14.) Because neither Yeboah or Asiedu filled out the Spousal Consent portion waiving her spousal rights, the forms are invalid. "When faced with a dispute over the proper beneficiary for benefits under [ERISA], ERISA 'supplies the rule of law' for making that determination." *IBEW Pacific Coast Pension Fund v. Lee*, 462 Fed. App'x 546, 548 (6th Cir. 2012) (citing *Metro Life Ins. Co. v. Pressley*, 82 F.3d 126, 129-30 (6th Cir.1996). Here, both the Cash Balance Plan and the Savings Plan incorporate ERISA's rule requiring a spousal waiver. (*See* Cash Balance Plan § 5.09(a); Savings Plan § 5.2(d).) The rule provides that when the participant has not reached the annuity starting date, the plan must be paid to the surviving spouse unless the spouse signs a consent waiver. 29 U.S.C. § 1055(a)(2) and 29 U.S.C. § 1055 (b)(1)(C). The spousal consent must be in writing and witnessed by a plan representative or a notary public. 29 U.S.C. § 1055(c)(2). Because neither Yeboah nor Asiedu filled out a

5

spousal consent waiver, Mr. Afrifi's beneficiary designation forms are invalid.

The benefit plans further provide that, in accordance with ERISA, the beneficiary is the participant's spouse unless the participant executed a valid beneficiary designation form to the contrary. (Cash Balance Plan § 5.09(c) and Savings Plan § 5.2(c); *see also* 29 U.S.C. § 1055(a)(2).) As Yeboah has already established that Afrifi's beneficiary designation forms are invalid, his benefits become payable to his lawful surviving spouse.

Finally, under Ohio law, Asiedu's subsequent marriage to Afrifi while he was still married to Yeboah is void. With respect to ERISA plans, federal courts and plan administrations "regularly rely on state law to identify a participant's spouse in determining the proper recipient of spousal benefits." *IBEW*, 462 Fed. App'x at 549 (citing 29 U.S.C. § 1144(a)). Both benefit plans provide that they are to be construed under the laws of the State of Ohio to the extent that they are not preempted by the Code or other federal laws. (Cash Balance Plan § 10.05; Savings Plan § 12.3.) Under Ohio law, bigamy is a criminal offense and a bigamous marriage is void ab initio. O.R.C. § 2919.01; *Darling v. Darling*, 335 N.E.2d 708 (Ohio 8th Dist. 1950). As Yeboah provides, "where it is stipulated that [two] marriages have been lawfully solemnized, and the record is silent as to whether there has been a divorce of the parties to the first marriage, there is a presumption that the status of the parties to the first marriage continues, and the burden is upon the parties claiming the validity of the second marriage to overcome such presumption." *DaimlerChrysler Corp. Healthcare Benefits Plan v. Durden*, 448 F.3d 918, 926 (6th Cir. 2006) (quoting *Industrial Com. of Ohio v. Dell*, 135 N.E. 669, syllabus ¶ 3 (Ohio 1922)).

Asiedu has presented no evidence to rebut the assertion that Yeboah was first married to Afrifi in 1985 and remained married to him at the time of his death. Under the terms of the Ghana Entry, Asiedu acknowledges that Yeboah was lawfully married to Afrifi. Accordingly,

6

Asiedu's subsequent and bigamous marriage to Afrifi in 2004 is void under Ohio law. There are therefore no issues of material fact disputing that Yeboah was Afrifi's first and only lawful surviving spouse according to the terms of the benefit plans.

IV.

The Court finds that the undisputed facts presented in Defendant Yeboah's Motion and supporting evidence sufficiently support her assertions that she is the lawful surviving spouse of Afrifi and therefore is the proper beneficiary of the Cash Balance Plan and Savings Plan. Accordingly, Yeboah's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

8-9-2017
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE